Ronald W. DYKSTRA

v.

RICH NECK CORPORATION.

Civ. A. No. 75–0191–R.

United States District Court,
E. D. Virginia,
Richmond Division.

Sept. 30, 1975.

---

Melvin R. Manning, Richmond, Va., for plaintiff.

W. Garland Clarke, Lively, Va., for defendant.

### MEMORANDUM

WARRINER, District Judge.

Jurisdiction of the Court is posited under 28 U.S.C. § 1332. Defendant filed its motion to dismiss under Fed. R.Civ.P. 12(b) with supporting affidavit and brief. Defendant alleged that the amount in controversy did not exceed the value of $10,000.

For purposes of deciding this motion the facts are that defendant was obligated to plaintiff to "cut and gravel" a certain road through real estate belonging to plaintiff. Upon defendant's failure to carry out its obligation plaintiff filed its complaint alleging it would incur expenses in excess of $10,000 "in having the work performed as specified." Plaintiff also alleged that real estate affected by the road could have been sold for $31,000 but that in the absence of the road the real estate has "been rendered and now stands worthless." Accordingly, plaintiff seeks damages in the amount of $41,000.

Defendant's affidavit says that it has virtually completed the road under a contract that did not exceed $5,000. Defendant shows by citation of authority that plaintiff is not entitled to damages for breach of contract that include diminution of the real estate in addition to the cost of mitigation of damages—which cost the affidavit shows plaintiff did not incur in any event.

Defendant having challenged the jurisdictional amount, the burden rested upon plaintiff to justify its claim of jurisdiction. *Nixon v. Loyal Order of Moose, Lodge 750,* 285 F.2d 250 (4th Cir. 1960); *Columbia Pictures Corp. v. Rogers,* 81 F.Supp. 580 (S.D.W.Va. 1949). Plaintiff attempted to carry this burden by an unsworn, two-paragraph "Answer to Motion to Dismiss" stating that the evidence will "clearly establish damages in excess of the jurisdictional requirement of $10,000." This answer stated that an affidavit would be filed supporting the above quoted allegation, but no such affidavit has been forthcoming. At a subsequent status conference plaintiff, through counsel, stated he was still seeking a real estate expert to support his allegation of jurisdictional amount.

Fairness to defendant might dictate that the Court dismiss for lack of jurisdictional amount on this state

of the record. Rather than to do this, however, the Court will state that unless it be made to appear by affidavit or otherwise within ten (10) days of the entry hereof, that plaintiff has a colorable claim in excess of the jurisdictional amount, the complaint will stand dismissed for lack of jurisdiction. The Court further holds that the doubtful nature of the jurisdictional amount having been timely raised and the law rendering extremely doubtful recovery in excess of $10,000 having been explicated in defendant's brief, if it should develop that plaintiff recovers less than $10,000 for the reasons set forth in defendant's brief the Court will seriously consider imposition of the sanctions provided for in 28 U.S.C. § 1332 (b).